62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Lee PRYOR, Petitioner-Appellant,
v.
Leroy L. YOUNG; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6075.
(D.C.No. 94-905-L)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner was convicted in Oklahoma state court of lewd molestation and two counts of rape. He did not file a direct state appeal. In 1993 petitioner filed a petition for post-conviction relief, which the trial court denied. The Oklahoma Court of Criminal Appeals later affirmed the denial of post-conviction relief.
 
 
 3
 Petitioner then filed a petition for a writ of habeas corpus in federal court. The district court denied the petition, and the petitioner now appeals. We exercise jurisdiction pursuant to 28 U.S.C. 2253 and affirm.
 
 
 4
 Petitioner claims that he was denied his right to a state court appeal. In its order affirming the denial of post-conviction relief, the Oklahoma Court of Criminal Appeals expressly based its decision on state procedural grounds. While "it is not the province of a federal habeas court to reexamine state court determinations on state law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), a state law may nevertheless create a liberty interest that cannot be denied without offending due process principles, see Clemons v. Mississippi, 494 U.S. 738, 746 (1990).
 
 
 5
 Thus, we may examine the state appeal issue to determine whether a Fourteenth Amendment due process error occurred. But we need not do so here because petitioner has not shown that the state deprived him of anything. The magistrate found that petitioner had waived his right to appeal and that petitioner's allegations to the contrary were "incredible." We have reviewed the record and agree with the magistrate's conclusions. Because petitioner waived his right to appeal, we need not examine his claim that he was denied his right to an appeal.
 
 
 6
 We GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM the dismissal by the district court for substantially the reasons stated by the magistrate judge and adopted by the district court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470